# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ESMERELDA GARCIA, )<br>      Plaintiff, )<br> )<br>  v. )<br> )<br>CVS PHARMACY, INC., CVS HEALTH )<br>CORP., CVS INDIANA d/b/a CVS, and )<br>WEC 2000B-CSF-7 LLC, )<br>      Defendants. ) | CAUSE NO.: 2:19-CV-268-JVB-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Hook-SupeRx, LLC d/b/a CVS Pharmacy ("Hook-SupeRx") (which represents that it is improperly named as CVS Pharmacy, Inc., CVS Health Corp., CVS Indiana, LLC d/b/a CVS) invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Hook-SupeRx has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Esmerelda Garcia must be a citizen of a different state than both Hook-SupeRx and Defendant WEC 2000B-CSF-7 LLC ("WEC"), and the amount in controversy must be more than $75,000. Hook-SupeRx has alleged a sufficient

amount in controversy. Hook-SupeRx has also sufficiently alleged the citizenship of Garcia and itself. However, the allegations are insufficient as to the citizenship of WEC.

The Notice of Removal alleges that WEC is "a Delaware limited-liability company *incorporated* in the State of Texas with its principal place of business located in Texas." (Notice of Removal ¶ 8, ECF No. 1 (emphasis added)). This allegation regarding the citizenship of WEC is unclear as to whether it is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company.

This distinction is important because, for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, if WEC is a limited liability company (as its full name suggests and the Notice of Removal alleges), the Court must be advised of the identity of each of its members and advised of each member's citizenship. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Hook-SupeRx must first allege whether WEC is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company or another form of business entity. Hook-SupeRx must then sufficiently allege WEC's citizenship as outlined above. Therefore, the Court **ORDERS** Hook-SupeRx to **FILE**, on or before **August 19, 2019**, a supplemental jurisdictional statement that properly alleges WEC's citizenship as stated above.

So ORDERED this 5th day of August, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT